**ALAN R. L. BUSSARD**
ATTORNEY AT LAW
304 WYNELL COURT
TIMONIUM, MARYLAND 21093
-----
410-821-1155
FAX: 1-443-836-9150
E-Mail: alan.bussard@bussardlaw.com

April 18, 2024

Hon. Stephanie A. Gallagher
United States District Court for the
 District of Maryland
101 W Lombard Street
Baltimore, Maryland 21201

    **Re:**    <u>**United States v. Rahjeem Graves**</u>
           **Criminal No.: SAG-22-0125**

Dear Judge Gallagher:

      Please accept this letter in aid of sentencing for my client, Rahjeem Graves, which is set for Thursday, May 2, 2024.

### Procedural Background

      Rahjeem Graves was charged in a Multi-Count Third Superseding Indictment with Count 1: Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846, and Count 6: Possess with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841. According to the Third Superseding Indictment, the offense conduct occurred from in or about April 2021 through in or about April 7, 2022, in the District of Maryland and elsewhere.

      On March 4, 2024, after having entered into a written plea agreement with the government, the defendant appeared in the United States District Court for the District of Maryland, before the Honorable Stephanie A. Gallagher, United States District Court Judge, and pled guilty to Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. The plea was pursuant to Fed. R.Crim.P. (c)(1)(C). A Presentence Report was ordered, and sentencing is now set for May 2, 2024.

      Pursuant to the plea agreement and confirmed by the Presentence Report (PSR), the base offense level is 16. The Government does not oppose a 2-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). However, the government does not agree to make a motion

United States v. Rahjeem Graves
Case No. SAG-22-0125
Sentencing Letter
April 18, 2024
Page 2

for the additional one level reduction pursuant to U.S.S.G. § 3E1.1(b).[1] Per the PSR, the resulting total offense level is 14.

At the time of sentencing, pursuant to Fed. R.Crim.P. (c)(1)(C), the parties will request a sentence of between 24-33 months.

According to the PSR, the defendant's criminal history category is III (Four Criminal History Points). The resulting advisory guideline range is 21-27 months. The probation officer recommends a term of imprisonment of 24 months. (PSR at page 18)

At the time of sentencing, the defense will request that the Court impose of sentence of 24 months which falls within the advisory guideline range. The request is based on the factors enumerated in 18 U.S.C. §3553(a).

Among those factors is the promptness of Mr. Graves' plea, his limited involvement in the charged conspiracy, and his personal history. As will be set forth below and presented in detail at the sentencing hearing, there are other factors for the Court to consider including his age

### Corrections to the Presentence Report

1. Page One - the defendant was arrested on March 31, 2022, not April 1, 2022. (See ¶ 38 of the PSR.

2. Paragraph 38 of the PSR - the expiration date for supervised probation should read 2027, not 2099.

### Credit for Time Served

As reported in paragraph 38 of the Presentence Investigation Report (PSR) Mr. Graves was arrested on March 31, 2022 in Westminster, Maryland on State charges. (PSR at ¶38) Those charges provided the underlying factual basis for Count 6 of the Third Superseding Indictment. He was sentenced to a term of imprisonment of 20 years (suspended) all but 18 months and 5 years of probation. Mr. Graves served the sentence at the Carroll County Detention Center. Upon release on July 31, 2023, he came

---

[1] The explanation given by the government is that following the imposition of the sentence in the related State case on October 25, 2022, Mr. Graves was charged with Possession of Contraband at the Carroll County Detention Facility. In the government's view, Mr. Graves failed to accept responsibility for his actions. The defense disputes this assessment.

United States v. Rahjeem Graves
Case No. SAG-22-0125
Sentencing Letter
April 18, 2024
Page 3

into federal custody on the USMS detainer and has remained in custody at Chesapeake Detention Facility since then. Based on the time-line outlined on Page One of the PSR, Mr. Graves will have been detained for approximately 19 months at the time of sentencing.

Mr. Graves should receive credit for all time spent in both State and federal pretrial detention. It is undisputed that the State charges were related conduct. *See* PSR at ¶ 38.

## Argument

**I.     SECTION 3553 (a) CRITERIA**

A. Based on the factors set forth in Section 3553(a), the Court should sentence Mr. Graves to no more than 24 months which is within the advisory guideline range.

Consideration of the factors set forth in Section 3553(a) justify the advisory Guidelines range sentence, and the Court should conclude that imposition of a 24 month sentence is sufficient and therefore in compliance with the law. The Court's mandate under the law is to impose a sentence sufficient, but not greater than necessary to comply with the purposes of sentencing set forth in the statute. 18 U.S.C. § 3553(a).

While the Court is required to determine the range specified by the Guidelines, its ultimate task is to make "an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 49, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). For the sentencing court, there is no legal presumption that the Guidelines sentence should apply, *Rita v. United States*, 551 U.S. 338, 351, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), and the Court need not identify "'extraordinary' circumstances to justify a sentence outside of the Guidelines range." *Gall*, 552 U.S. at 47, 128 S.Ct. at 595. Instead, the Guidelines simply "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." Id. at 350 (*emphasis added*). *See Nelson v. United States*, 555 U.S. 350, 352, 129 S.Ct. 890, 172 L.Ed.2d 719, 892 (2009) (sentencing court "may not presume that the Guidelines range is reasonable") (*quoting Gall*). *See also United States v. Schuyler*, Case No. 10-4285, 2011 WL 52465, at *1 (4th Cir. 2011) (same); *United States v. Hopkins*, Case No. 90-4388, 2010 WL 2171615, at *2 (4th Cir. 2010).

***(1) The nature and circumstances of the offense and the history and characteristics of the defendant***.

The nature of the offense is serious. At the same time, Mr. Graves' involvement was limited both

United States v. Rahjeem Graves
Case No. SAG-22-0125
Sentencing Letter
April 18, 2024
Page 4

in terms of time and actual conduct. He readily agrees with the Stipulation of Facts provided to the Court in support of the guilty plea. Of note is the absence of violent conduct by Mr. Graves in comparison to that alleged to have been associated with several others in this matter.

From a personal standpoint, a number of factors relating to Mr. Graves' history and characteristics, individually or in combination, make a 24 month sentence perfectly reasonable.

Mr. Graves is 24 years of age and has remained in either State or federal custody since March 31, 2022. His reported history, unfortunately, is filled with the usual elements that plague so many defendants who grew up in Baltimore City. His childhood is remarkable for the absence of a father figure and a mother who suffered with a long standing history of drug addiction which negatively impacted her capacity to provide the basic necessities for the family. His father is described as a "professional driver" and resides in Trenton, N.J. While Mr. Graves reports to maintaining contact with his father, it is not the same as having his father in the home. Tragically, his mother passed away less than one month before Mr. Graves' arrest in March, 2022. Mr. Graves recalls her addiction impacting the family from around the time he was 11 years of age. With no guidance and financial resources, Mr. Graves' childhood was devoid of many social events. He recalls not being encouraged to participate in sports and other activities. He describes himself as a "loner" but has remained close to his sisters. Because of continuing financial problems, the family was forced to move often. He reports living in both East and West Baltimore during his childhood and has a vivid recollection of seeing dead bodies in the streets on a regular basis. While he never witnessed a murder, he routinely saw crime scenes and heard gun fire.

Mr. Graves was unable to escape the violence of the neighborhood. In 2021, he sustained gunshots to both of his knees. He was a bystander and had been in a crowd of persons at the time of the shooting. This resulted in an extended stay at the Shock Trauma Center during which he underwent 3 corrective surgeries. He remained in the hospital from June, 2021 to September, 2021. Following his release from the hospital, he continued to experience pain and was prescribed Percoset and other narcotic drugs for management of the pain.

**(2)(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

Simply put, a lengthy sentence is not necessary to achieve the directives of 18 U.S.C. §3553(a). While the offense is clearly serious, Mr. Grave' actual involvement was substantially less than that of the leaders/organizers. Just as importantly, Mr. Graves derived little financial gain from the illegal activities. As revealed in the discovery materials, Mr. Graves' contacts were limited to only a few of the charged co-conspirators.

United States v. Rahjeem Graves
Case No. SAG-22-0125
Sentencing Letter
April 18, 2024
Page 5

As stated in this correspondence and reported in the Presentence Report (PSR), Mr. Graves has experienced, first-hand, the consequences of his conduct. Having been arrested as a result of coming into contact with law enforcement during the executions of several search and seizure warrants, he was charged and convicted following a guilty plea in Carroll County, Maryland. He spent approximately 10 months in local custody before being transferred to federal custody where he has been detained for 9 months.

### Need to Avoid Unwarranted Disparity sentence disparities among similar defendants

A number of co-defendants have either been sentenced by this Court or have entered guilty pleas and are awaiting sentencing. A review of documents available on PACER reveals that co-defendants Brownlee, Dorsey, Dowden, Stoner, Hendricks, and Wilson have plead guilty. Of those defendants who plead guilty to Count 1 - Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, the agreed upon base offense level was 30 for 3 defendants. In at least two cases firearms were involved. (Brownlee and Dorsey). In the case of Stoner, the base offense level was 24 and the Court imposed a sentence of time served. In the case of Wilson, the plea agreement called for a base offense level of 18. This defendant has not been sentenced.

To date, the base offense levels which reflect the drug quantity reasonably foreseeable to the individual defendants are all higher than that agreed upon by Mr. Graves and the government. In deed, the base offense level for Mr. Graves of 16, is the lowest. In addition, although there is no downward adjust for role being sought or agreed upon by the parties, the factors listed in USSG §3B1.2. comment. (N. 3) for the Court to consider are, nonetheless, instructive.

> C) Fact-Based Determination.—The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case.
>
> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
>
> (i)   the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii)   the degree to which the defendant participated in planning or organizing the criminal activity;

United States v. Rahjeem Graves
Case No. SAG-22-0125
Sentencing Letter
April 18, 2024
Page 6

>      (iii)    the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
>      (iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
>      (v)    the degree to which the defendant stood to benefit from the criminal activity.
>
>      For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
>
>      The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

A thorough review of the discovery materials reveals a factual basis that weighs favorably for the defendant on all the listed considerations.

### Kind of Sentences Available

Based upon a total offense level of 14 and a criminal history category of III, the guideline imprisonment range is 21 months to 27 months. (PSR at page 18)[2]

### Sentencing Recommendations

Mr. Graves is 24 years of age and has been incarcerated for almost 2 years. The defense asserts that a sentence of 24 months is appropriate, and is one that is sufficient but not greater than necessary to achieve the goals of 18 U.S.C. §3553 (a). The punishment, respect for the law and deterrence factors are all addressed by the requested sentence.

---

[2] Had the government not withheld the additional one level decrease pursuant to U.S.S.G. § 3E1.1(b), the resulting advisory guideline range would have been 18-24 months.

United States v. Rahjeem Graves
Case No. SAG-22-0125
Sentencing Letter
April 18, 2024
Page 7

  The defense reserves the right to supplement this sentencing memorandum prior to his sentencing hearing.

  Thank you for your continued cooperation and attention to this matter.

Very truly yours,

/s/

Alan R. L. Bussard

ARLB:tkb
cc: LaRai Everett, Esquire (via CMECF)