

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

*LaRai Everett*
*Assistant United States Attorney*
*LaRai.Everett@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4869*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

April 22, 2024

The Honorable Stephanie A. Gallagher
United States District Judge
United States District Court for the District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

    Re:    <u>United States v. Rahjeem Graves</u>
           Criminal No.  SAG-22-0125

Dear Judge Gallagher:

I am writing to state the Government's sentencing recommendation in the above-referenced case. The Government believes that a sentence at the top of the C-Plea recommended range of 33 months imprisonment is appropriate.

**Sentencing Procedure**

In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court set forth a multi-step process for imposing sentence in a criminal case. *Id*. at 51-52. A sentencing court should begin by correctly calculating the applicable guidelines range. *Id*. at 49. After providing the parties with an opportunity to present argument, the district court should then consider the factors set forth in 18 U.S.C. § 3553(a). *Id*. at 49-50. *See also United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011).

**Sentencing Guidelines Calculation**

The Government adopts the findings of the Presentence Report (PSR), which accurately reflects the Defendant's base offense level, 16, with a criminal history category of III. ¶¶ 23-31, 40. Specifically, under the United States Sentencing Guidelines ("U.S.S.G."), the Defendant's base offense level is 16 pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(12). Additionally, the Defendant accepted responsibility for his misconduct and accordingly the Government does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a). Because the Defendant's base offense level is not 16 or greater, this Office **does not**

**agree** to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's acceptance of personal responsibility for the Defendant's conduct.

**Factors Set Forth in 18 U.S.C. § 3553(a)**

The Government believes the following 3553(a) factors are most relevant in this case:

I.      Nature and Circumstances of the Offense (3553)(a)(1))

The Defendant Rahjeem Graves ("Graves") was one of 13 defendants charged in a wiretap conspiracy case arising out of an investigation into a drug trafficking organization operating in the Westminster area of Maryland.  On March 4, 2024, Graves pleaded guilty to a Third Superseding Indictment pursuant to a written plea agreement.

The evidence supports that Graves knowingly engaged in drug trafficking activities. During the investigation, investigators learned that Graves was a drug distributor for Rodney Gaines. Gaines is believed to be the primary source of supply for cocaine and crack cocaine in the Carroll County area.

As a result of the wiretap investigation, investigators intercepted Graves talking to Gaines and there were several circumstances where Graves was also observed meeting with drug customers. For example, on October 16, 2021 Gaines called Graves to let him know he had a customer for Graves at the 88 West Main Street location. During the call, Gaines asked Graves, "where you at." and Graves stated, "I just got right here at 88." Gaines then told him, "I'm bout send someone right there." During this conversation, Gaines told Graves that he had a drug customer that he would send to Graves' location so that he could supply the customer with controlled substances.

Investigators identified a stash location in Westminster, Maryland and recovered during a search and seizure warrant over 100 grams of cocaine. The items seized included 15 clear gel capsules, which after testing, were found to contain no drugs. However, the 275 "trash can" style containers did contain cocaine. As noted in the stipulated statement of facts, it was reasonably foreseeable to Graves, and within the scope of the conspiracy that he or other members of the conspiracy would distribute between 100 and 200 grams of cocaine, during and in furtherance of the conspiracy.

There is no dispute that Graves was clearly engaged in drug distribution. Additionally, the wiretap calls further established Graves involvement in the conspiracy.  This is clearly a serious crime.  And as such, 33 months is appropriate to reflect the seriousness of Graves involvement in this case.

II.     History and Characteristics of the Offender (3553(a)(1))

Graves is only 24 years old but has amassed several convictions in a short period of time. In 2019, at the age of 19, he was convicted of his first felony drug conviction and received probation before judgment (no probationary time was provided). PSR ¶ 34. A few months later he was convicted of a stolen car and sentenced to a 1-year suspected sentence. PSR ¶ 35. His probation was closed in 2021 as unsatisfactory. *Id.* He had several more convictions that included a traffic offense (PSR ¶ 37) along with additional misdemeanor and felony drug convictions. PSR ¶ 36, 38-39. That last conviction occurred while he was incarcerated. *Id.*

Graves graduated high school and has maintained various jobs since his graduation. PSR ¶ 63. As noted in the employment section of the PSR, he certainly can be a law-abiding and a productive citizen. PSR. ¶¶ 66-70. Graves would certainly benefit from vocation training within the Bureau of Prisons. It appears that he would also benefit from mental health treatment given the recent death of his mother.

Given Graves criminal history and role in this investigation, the Government believes the high end of the C-Plea recommendation is appropriate in this instance and recommends 33 months' imprisonment.

III.    The Kinds of Sentences Available

The "kind of sentences available," 18 U.S.C. § 3553(a)(3), includes imprisonment. At this point, only two co-conspirators have been sentenced. To avoid unwarranted sentence disparities among the co-defendants, below is a chart detailing the roles of each of the currently sentenced defendants. There are several co-conspirators who have plead guilty and are pending sentencing.

| Defendant | Charges | Role | Criminal History/Score | Sentence |
| --- | --- | --- | --- | --- |
| Dorsey | Ct 5 gun | Gun distributor | VI (5 convictions – armed robbery, fraud and theft, misdemeanor drug)) | 58 mos. concurrent., 3 S.R. |
| Stoner | Cts 1 and 12 | Drug distributor | I (traffic infractions) | Time Served (Government recommended 24 months) |

Raekwon Dorsey received a 58-month sentence and Brad Stoner was sentenced to time-served. Dorsey was providing guns to the Gaines drug trafficking organization and Stoner was a wholesale drug customer to Gaines and had a significant drug abuse problem. Neither Dorsey or Stoner has similar roles or criminal records as Graves. However, the recommended sentence falls within the Governments recommended 24 months sentence for Stoner (though he was sentenced to time-served) and below Dorsey's sentence of 58 months imprisonment. Therefore, a sentence of 33 months is fair and reasonable considering the already imposed sentences in this case.

IV. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant (3553(a)(2))

Though Graves is young, 24 years old, his criminal record paints the picture of someone who has started to entrench themselves in the unfortunate drug trafficking culture. The stipulated facts set forth in the plea agreement established that Graves was clearly engaged in drug trafficking activity. As such, a sentence of 33 months' imprisonment is a just punishment for his role in this case.

Deterrence is another factor for the court to consider. Drug trafficking creates an undeniably high risk to the community and his actions require punishment. This will be Graves first federal offense *and* longest period of incarceration and the Government hopes that a sentence of 33 months imprisonment will deter Graves from future criminal conduct. He also has a young son and by all accounts is a devout father, with that in mind, a sentence of 33 months would hopefully *specifically* deter Graves from engaging in similar conduct.

The Government believes that Graves conduct, in combination with his character and history, is adequately reflected by the recommended sentence and further believes such a sentence is sufficient to provide both a general deterrent and specific deterrent effect. Therefore, a sentence of 33 months is lengthy and reasonable, and balanced considering the above factors. The Government believes that in this particular case, it is sufficient but no greater than necessary to achieve the required purposes of sentencing.

The Government thanks the Court for its consideration of this matter.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:   /s/
LaRai Everett
Assistant United States Attorney

cc:  Alan Bussard, Esq.
Carissa J. Perez, U.S. Probation Officer