UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. SAG-22-0125 |
| | : | |
| RODNEY GAINES et al., | : | |
| | : | |
| Defendant. | : | |
| | ...oOo... | |

**JOINT PROPOSED VOIR DIRE QUESTIONS**

The United States of America and the Defendants by and through their undersigned counsel, respectfully request that the following questioning of prospective jurors be conducted pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure:

1. My name is Judge Stephanie A. Gallagher. I am the judge who will preside during the trial of this case. Do you know me or any member of my family or my judicial staff?

2. Do any of you know, or have you had any dealings with, the defendants Rodney Gaines, Tonya Hatchett, Deandre Hill, Andre Mills, or Tasha Woodyard?

3. Do you know, or have you had any dealings with, any friends, associates, or family members of the defendants?

4. Do you know, or have you had any dealings with, any of the following persons or members of their families?

   a) Counsel for the United States of America, Assistant United States Attorneys LaRai Everett and Michael Hanlon?

   b) Counsel for the Defendants, Charles Burnham, Joseph Balter, Tony Garcia, David Walsh-Little, or Richard Bardos?

1

      c) Do you know the United States Attorney for the District of Maryland, Erek L. Barron, or any of the Assistant United States Attorneys, or any other employees of the United States Attorney's Office?

      d) The following people who may be witnesses in the case or who may be mentioned by various witnesses:

**(A witness list will be provided to the Court and the Defendants before voir dire begins)**

      5. Have you ever served on a jury panel where any party was represented by any of the lawyers in this case?

      6. Have you, any member of your family, or any of your close friends ever been employed by the United States Department of Justice, the Office of the State's Attorney, the Maryland state Attorney General's Office, the Office of the Federal Public Defender, the Office of the State Public Defender, any private defense attorney, other court-related agencies, sheriff's office, clerk's office, the state parole/probation office, the United States Marshals Service or any other law enforcement or court related agency?

      7. Have you, any member of your family, or any of your close friends ever been employed by any law enforcement agency, state or federal, or any of the other agencies I just mentioned?

      8. Have you, any member of your family, or any of your close friends ever been involved in any legal dispute with the Government or any agency of the Government, including the Internal Revenue Service, or any of the other agencies I just mentioned?

      9. This case was primarily investigated by the Federal Bureau of Investigation (commonly called the FBI), the Maryland State Police, the Carroll County Sheriff's Office, and the Westminster Police Department.

    a) Have you, any member of your family, or any of your close friends ever been employed by, had dealings with, or been in a dispute with the FBI or the other agencies I just mentioned?

    b) Do you have any reservations about the FBI or the police (or the other agencies I just mentioned) that would interfere in any way with your ability to judge the evidence fairly and impartially?

    10. In this case, the defendants have been charged by a grand jury in an indictment. The indictment charges the defendants with the following:

    In Count One of the indictment, the Defendants are charged with conspiracy to distribute cocaine and cocaine base.

    In Count Five of the indictment, Rodney Gaines is charged with conspiracy to distribute firearms in furtherance of a drug-trafficking crime.

    In Count Seven of the indictment, Tonya Hatchett is charged with possession of cocaine and marijuana with the intent to distribute.

    In Count Eight of the indictment, Rodney Gaines is charged with possession of cocaine base with the intent to distribute.

    In Count Twelve of the indictment, Rodney Gaines is charged with possession of cocaine with the intent to distribute.

    The indictment alleges offenses that occurring during approximately 2021 and 2022, in and around Westminster, Maryland as well as areas in or surrounding Baltimore, Maryland. The indictment also alleges events relating to the murder of a person named Kevin King on or about January 31, 2022 and to events following that murder including an alleged threat against a person to prevent them from giving information about the King murder.

Have you read or heard anything about this case from any source whatsoever?

    a)  If so, have you formed an impression or opinion as to the merits of this case?

    b)  Would that opinion prevent you from maintaining an open and impartial mind until all of the evidence is presented and the instructions of the Court are given?

11. At the end of the next series of questions, I am going to ask that each person who has an affirmative answer to one or more of the questions stand and come to the bench.  <u>Please do not rise until all of the questions have been asked.</u>

    a)  Have you, or any member of your family, or close friend ever been the victim of a crime?

    b)  Have you, or any member of your family, or close friend ever been arrested or charged with any criminal offense?

    c)  Have you, or any member of your family, or close friend ever been accused of any other criminal conduct or ever been the subject of a criminal investigation?

    d)  Have you or any member of your family ever been a witness to a crime?

    e)  Have you or any member of your family ever been a witness for the prosecution or the defense in a criminal case?

If any of you have a "yes" answer to any or all of these questions, please stand, and you will be permitted to answer the questions at the bench where other members of the panel cannot hear you.

12. Have you ever served on a grand jury in either state or federal court?  If so, did anything happen during your service as a grand juror that would influence you in any way in this case?

13. Have you ever served as a juror in a criminal case in either state or federal court?

  a) If so, in what court did you serve as a juror, what charges were involved in the trial, and what was the <u>result</u> of the trial?

  b) Did anything happen during your prior jury service which would influence you in any way in deciding this case in a fair and impartial manner?

14. During this trial, law enforcement officer will be testifying for the government. Would you tend to give greater <u>or</u> lesser weight to the testimony of a law enforcement officer simply because he or she is a law enforcement officer?

15. During this trial you may also hear from civilian witnesses. Would you tend to give greater <u>or</u> lesser weight to the testimony of a person imply because he or she is a civilian witness?

16. Do you have any reservations about prosecutors, law enforcement agents, other law enforcement personnel or criminal defense attorneys that would prevent you from rendering a fair and impartial verdict in this case?

17. As a juror, you would be required to listen closely to the testimony and examine the evidence introduced at trial.

  a) Does any member of the panel have any health-related problems, such as loss of hearing or eyesight, that would make it difficult to listen to the evidence, examine the exhibits, or participate in any other way as a juror in this case?

  b) On a related note, are you on any medication or under any emotional stress to the extent that it would adversely affect your ability to concentrate on the evidence and this case?

18. At the close of the case, the Court will instruct you on the law that you must apply to the facts of this case.

a) Have you, any member of your family, or any close friend, ever attended a law school or had legal training? If so, do you believe that you will be able to follow these instructions even if they conflict with your understanding of the law, derived from either your own training, or from your conversations with lawyers or relatives?

b) Is there anyone who would be unwilling or unable or would even hesitate to follow the Court's instructions on the law if you personally did not agree with the law as it is described by the Court?

19. Do you have any business or personal commitments during the next few weeks that may distract you from your duties as a juror?

20. Do you have any religious or moral scruples, or any other beliefs, which would prevent you from judging the conduct of another person?

21. It is improper to consider, in reaching a verdict, any bias, prejudice, or personal views you may have about the race, religion, national origin, sex, or age of the defendant or any other individual involved in this case. Do you have any bias or prejudice, based on race or any other characteristic, that would prevent you from rendering a fair and impartial verdict in this case?

22. Do you have any reservations concerning the administration of criminal justice in the courts that would prevent you from rendering a fair and impartial verdict in this case?

23. Do any of you have any concerns or beliefs about the criminal law, including laws that prohibit the possession of drugs, narcotics, marijuana, firearms, or ammunition, that would prevent you from rendering a fair and impartial verdict in this case?

24. Do you have any fixed opinions about criminal cases or persons accused of crimes, regardless of the charge, that would make it difficult for you to be fair and impartial in this case?

25. Do you know of any other reason why you could not sit with absolute impartiality to both sides as a juror in this case?

### Requested Defense Voir Dire

Counsel for Andre Mills has requested that the Court include the following statements/inquiries during voir dire:

An indictment is merely an allegation or charge and is not proof of anything. Do you believe simply because someone has been indicted or charged with a crime, he or she must be guilty?

Would you be able to follow these rules as instructed by the Court-

Under our Constitution, every person charged with a criminal offense is presumed innocent until and unless proven guilty beyond a reasonable doubt.

The burden rests with the prosecution to prove the charged offenses beyond a reasonable doubt. Under the law, a defendant in a criminal case is not required to produce any evidence and has an absolute right not to testify.

It is improper to consider, in reaching a verdict, any bias, prejudice, or personal views you may have about the race, religion, national origin, sex, or age of the defendant or any other individual involved in this case. Do you have any bias or prejudice, based on race or any other characteristic, that would prevent you from rendering a fair and impartial verdict in this case?[1]

---

[1] The government has no objection to this last paragraph being included as a voir dire question and has included it in the joint submission.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____/s/_____
LaRai Everett
Michael Hanlon
Assistant United States Attorneys

| For the Defendant Rodney Gaines | For the Defendant Tonya Hatchett |
|---|---|
| _____ | _____ |
| Charles Burnham | Joseph Balter |

For the Defendant Deandra Hill           For the Defendant Andre Mills

_____                  _____
Tonya Garcia                             David Walsh-Little

For the Defendant Tasha Woodward

_____
Richard Bardos