IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RODNEY GAINES, ET AL.<br><br>Defendant. | CRIMINAL NO. SAG-22-0125 |

**GOVERNMENT'S MOTION *IN LIMINE*
TO ADMIT BUSINESS RECORDS PURSUANT TO FED. R. EVID. 803(6) & 902(11)**

The Government plans to introduce a number of records as self-authenticating and/or certified domestic records of regularly conducted activities in a number of categories, pursuant to Federal Rules of Evidence 803(6) and 902(11). Specifically, the Government plans to introduce:

(1) CAD (Computer Aided Dispatch) report and 911 communications, which have been certified by the custodians of records of the Westminster Police Department;

(2) Jail call recordings for the Carroll County Detention Center, certified by the custodians of records;

(3) Sprint/T-Mobile phone records for telephone number 443-881-3934 for the date range of 6/12/21 to 9/12/21 certified by the custodians of records for Sprint/T-Mobile;

(4) Sprint/T-Mobile phone records for telephone number 443-538-5469 and 443-881-3934 for the date range of 10/1/21 to 11/1/21 certified by the custodians of records for Sprint/T-Mobile;

(5) Sprint/T-Mobile records for telephone number 443-675-1479 for the date range of 1/1/22 to 2/2/22 certified by the custodians of records for Sprint/T-Mobile;

(6) Verizon phone records certified by the custodians of records for Verizon;

(7) Sprint/T-Mobile phone records for telephone number 443-789-6777 for the date range of 6/12/21 to 9/12/21 certified by the custodians of records for Sprint/T-Mobile;

(8) Sprint/T-Mobile phone records for telephone number 443-789-6777 for the date range of 3/23/22 to 3/30/22 certified by the custodians of records for Sprint/T-Mobile;

(9) Sprint/T-Mobile phone records for telephone number 443-789-6777 for the date range of

1

3/31/22 to 6/15/22 certified by the custodians of records for Sprint/T-Mobile;

(10)   Sprint/T-Mobile phone records for telephone number 443-261-8397 for the date range of 10/1/21 to 12/28/21 certified by the custodians of records for Sprint/T-Mobile;

(11)   Sprint/T-Mobile phone records for telephone number 443-261-8397 for the date range of 12/14/21 to 1/25/22 certified by the custodians of records for Sprint/T-Mobile;

(12)   Sprint/T-Mobile phone records for telephone number 443-289-5722 and 717-592-9315 for the date range of 6/12/21 to 9/12/21 certified by the custodians of records for Sprint/T-Mobile;

(13)   Sprint/T-Mobile phone records for telephone number 443-303-6567, 443-447-1963, 443-454-5876 for the date range of 12/1/21 to 1/19/22 certified by the custodians of records for Sprint/T-Mobile;

(14)   Sprint/T-Mobile phone records for telephone number 443-289-5722 for the date range of 3/1/22 to 6/13/22 certified by the custodians of records for Sprint/T-Mobile;

(15)   Sprint/T-Mobile phone records for telephone number 443-454-0380 and 240-698-9536 for the date range of 8/9/21 to 11/9/21 certified by the custodians of records for Sprint/T-Mobile;

(16)   Verizon phone records for telephone number 223-388-0820 for the date range of 12/1/21 to 2/3/22 certified by the custodians of records for Verizon;

(17)   Verizon phone records for telephone number 443-487-2007 for the date range of 12/1/21 to 2/9/22 certified by the custodians of records for Verizon;

(18)   Sprint/T-Mobile phone records for telephone number 443-536-3533 for the date range of 2/21/22 to 2/24/22 certified by the custodians of records for Sprint/T-Mobile;

(19)   Verizon phone records for telephone number 717-677-1939 for the date range of 12/1/21 to 2/8/22 certified by the custodians of records for Verizon;

(20)   Verizon phone records for telephone number 443-615-2870 for the date range of 3/22/22 to 3/28/22 certified by the custodians of records for Verizon;

(21)   Sprint/T-Mobile phone records for telephone number 443-536-3533 and 443-789-7003 for the date range of 1/24/22 to 2/7/22 certified by the custodians of records for Sprint/T-Mobile;

(22)   Sprint/T-Mobile phone records for telephone number 443-722-2374 for the date range of 3/24/22 to 6/24/22 certified by the custodians of records for Sprint/T-Mobile;

(23)   Sprint/T-Mobile phone records for telephone number 443-943-4668 for the date

      range of 1/6/22 to 2/10/22 certified by the custodians of records for Sprint/T-Mobile;

(24)     Verizon and Republic Wireless phone records for telephone number 443-356-7121 for the date range of 1/1/22 to 5/8/22 certified by the custodians of records for Verizon and Republic Wireless;

(25)     Verizon phone records for telephone number 223-388-0820 and 443-821-6653 for the date range of 1/1/22 to 3/31/23 certified by the custodians of records for Verizon; and

(26)     Facebook, Inc./Instagram records certified by the custodians of records for Facebook.

The documents are referred collectively as the "Business Records." As the Government prepares its exhibit list for trial, it anticipates that it may seek the admission of similar additional records. As the Government identifies such records, it will alert counsel.

The Business Records were provided to defense counsel on a rolling basis from June 2022 to present. The Government notified defense counsel that it intends to admit the Business Records listed above pursuant to Federal Rules of Evidence 803(6) and 902(11). The Government has provided those certifications to defense counsel for their review and has asked counsel to note any objections.

Once any objections are noted, the Government will move for an advance ruling on the admission of this evidence and will respectfully request that the Court rule on this motion in advance of trial, so that custodians of records may be secured if necessary. In the meantime, the Government submits this motion in limine in advance to make the Court aware of the issue.

## ARGUMENT

The Business Records are excepted from the rule against hearsay because they are records of regularly conducted activity that meet the requirements of Rule 803(6). The Business Records are also accompanied by certifications that meet the requirements of Rule 902(11) and are, therefore, self-authenticating. Lastly, the Business Records were not created to prove a fact at

trial, and therefore the Confrontation Clause of the Sixth Amendment does not apply to them.

### A. The Business Records Are Excluded from the Rule Against Hearsay Because They Are Records of a Regularly Conducted Activity Under Fed. R. Evid. 803(6)

Federal Rule of Evidence 803(6) provides an exception to the rule against hearsay for a "record of an act, event, condition, opinion, or diagnosis" if the record "was made at or near the time by—or from information transmitted by—someone with knowledge; the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; making the record was a regular practice of that activity; all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) . . .; and the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness."

The Fourth Circuit has explained that "[r]eports and documents prepared in the ordinary course of business are generally presumed to be reliable and trustworthy for two reasons." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 204–05 (4th Cir. 2000). First, "'businesses depend on such records to conduct their own affairs; accordingly, the employees who generate them have a strong motive to be accurate and none to be deceitful.'" *Id.* (quoting *United States v. Blackburn,* 992 F.2d 666, 670 (7th Cir. 1993)). Second, "'routine and habitual patterns of creation lend reliability to business records.'" *Sinkovich*, 232 F.3d at 205 (quoting *Blackburn,* 992 F.2d at 670).

Here, the Business Records meet all the criteria set forth in Federal Rule of Evidence 803(6). Each record was made contemporaneously by a person with knowledge, and was made and kept in the ordinary course of business. The certifications will attest to just that. They are precisely the type of records that are generally presumed to be reliable and trustworthy, and are routinely admitted under Rules 803(6) and 902(11). *See, e.g.*, *United States v. Thomas*, 128 Fed.

4

Appx. 986, 992 (4th Cir. 2005) (holding that Enterprise rental records of money transfers were admissible as self-authenticating business records because they complied with Rules 803(6) and 902(11)); *United States v. Jones*, 622 Fed. Appx. 204, 206–07 (4th Cir. 2015) (recordings of inmate jail calls); *United States v. Santana*, 352 Fed. Appx. 867, 871 (4th Cir. 2009) (IRS records of money transfers); *United States v. Wein*, 521 Fed. Appx. 138, 140 (4th Cir. 2013) (credit card account records); *United States v. Gadsden*, 2013WL3356133, *3 (D. Md. 2013) (AT&T and Sprint phone records); *Doali-Miller v. SuperValu, Inc.*, 855 F. Supp. 2d 510, 515–21 (D. Md. 2012) (physician's report on the examination of a patient); *United States v. Smith*, 521 F.3d 957, 624–64 (D.C. Cir. 1975) (police radio transmissions); *Vasquez v. McPherson*, 285 F. Supp. 2d 334, 338 (S.D.N.Y. 2003) (police radio logs and transmission transcripts); *Keogh v. C.I.R.*, 713 F.2d 496, 499 (9th Cir. 1983) (records of casino employee's wages and tips). They are therefore excepted from the rule against hearsay.

**B. The Business Records are Self-Authenticating Under Fed. R. Evid. 902(11).**

Federal Rule of Evidence 902(11) allows for the self-authentication of a domestic record of regularly conducted activity that meets the requirements of Federal Rule of Evidence 803(6) and bears "a certification of the custodian or another qualified individual that complies with a federal statute." As discussed above, the Business Records are accompanied by certifications by the relevant custodians of records attesting that they are contemporaneous records of the relevant business or governmental entity and were made and kept in the ordinary course of business. They are therefore self-authenticating. *See, e.g.*, *Thomas*, 128 Fed. App'x at 992; *Jones*, 622 Fed. App'x at 206–07; *Santana*, 352 Fed. App'x at 871; *Gadsden*, 2013 WL 3356133, at *3; *Doali-Miller*, 855 F. Supp. 2d at 518–21; *Smith*, 521 F.3d at 624–64.

C. **The Business Records Are Non-Testimonial, and Therefore the Confrontation Clause Does Not Apply.**

The Confrontation Clause of the Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."  Statements are testimonial "when the circumstances objectively indicate that . . . the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006).

The Business Records were not created for the purpose of establishing or proving some fact at trial, but rather are the records of regularly conducted business or government activity, as noted in the attestations.  Thus, the records are non-testimonial and are not subject to the Confrontation Clause of the Sixth Amendment. *See Bullcoming v. New Mexico*, 564 U.S. 647 (2011) (holding that documents "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial" were "not testimonial"); *United States v. Cabrera-Baltran*, 660 F.3d 742 (4th Cir. 2011) (holding that information contained in Treasury Enforcement Communications System records was not created for trial, but rather was kept for the purpose of maintaining a record of what was coming into the United States, and therefore was not testimonial); *United States v. Keita*, 742 F.3d 184 (4th Cir. 2014) (holding that American Express common point of purchase reports were not testimonial); *United States v. Mallory*, 461 Fed. Appx. 352, 356 (4th Cir. 2012) (holding that admission of FedEx tracking records and their accompanying certification did not violate the Confrontation Clause); *United States v. Robinson*, 583 Fed. Appx. 86 (4th Cir. 2014) (holding that documents reflecting data from account management tool and log-in tracker of online services provider and data from connection logs of second provider were non-testimonial business records); *United States v. Yeley-Davis*, 632 F.3d 673 (10th Cir. 2011) (holding that cell phone records were not testimonial and thus not subject to

confrontation).

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court admit the certified business records pursuant to Federal Rules of Evidence 803(6) and 902(11).

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____
LaRai Everett
Michael Hanlon
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 19, 2024, a copy of the foregoing Motion in Limine was electronically filed with the Clerk of Court via CM/ECF and thereby served on counsel of record.

_____
LaRai Everett
Assistant United States Attorney