___ FILED   ___ ENTERED
___ LOGGED   ___ RECEIVED

3:50 pm, Jul 26 2024
AT  BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___KMT___Deputy

KSC/07.24.24



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| LaRai Everett<br>*Assistant United States Attorney*<br>LaRai.Everett@usdoj.gov | *Suite 400*<br>*36 S. Charles Street*<br>*Baltimore, MD 21201-3119* | DIRECT: 410-209-4869<br>MAIN: 410-209-4800<br>FAX: 410-962-0717 |

July 24, 2024

**Via Email Only**
Tony Garcia, Esq.

          Re:    United States v. Deandre Hill
                    Criminal No. SAG-22-0125

Dear Counsel:

      This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Deandre Hill (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **August 2, 2024**, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

      1.    The Defendant agrees to waive indictment and plead guilty to Count One of a Superseding Information, which will charge the Defendant with Use of a Telecommunications Facility in Committing a Drug Felony in violation of 21 U.S.C. § 843(b). The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court.

### Elements of the Offense

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Use of a telecommunications facility in committing a drug felony, 21 U.S.C. § 843(b)

That on or about August 30, 2021, in the District of Maryland,

First, that the defendant used the telephone as charged in the Superseding Information;

1

Second, that the defendant used the telephone in the process of committing or to facilitate the commission of the predicate offense of distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1);

Third, that the defendant did so knowingly and intentionally.

All events occurred in the District of Maryland.

## Penalties

3. The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| COUNT | STATUTE | MAND. MIN. IMPRISON- MENT | MAX IMPRIS ON- MENT | SUPERVISED RELEASE | MAX FINE | SPECIAL ASSESS- MENT |
|---|---|---|---|---|---|---|
| 1 | 21 U.S.C. § 843(b) | None | 4 years | 1 year | $250,000 | $100 |

   a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

   b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment up to the entire original term of supervised release if permitted by statute, followed by an additional term of supervised release.

   c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

   d. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

   e. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

   f. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to

collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

### Waiver of Rights

4.      The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.      If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever.

d.      If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend. The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e.      If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

<u>Advisory Sentencing Guidelines Apply</u>

    5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

    6. This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A. This Office and the Defendant further agree that the guidelines applicable are as follow:

    a. This Office believes that the pursuant to U.S.S.G. § 2D1.8, the offense level is the offense level applicable to the underlying offense. In this case, the underlying offense is 21 U.S.C. § 841(a)(1), which is governed by U.S.S.G. § 2D1.1. Pursuant to U.S.S.G. § 2D1.1, this Office believes that the offense level is 24 because it was reasonably foreseeable to the Defendant

4

as part of the conspiracy that more than 500 grams of cocaine but less than 2 kilograms of cocaine that would be distributed, pursuant to U.S.S.G. 2D1.1(c).

        b.     The Defense does not agree that the applicable offense level involves cocaine, but rather involves marijuana and reserves the right to argue at sentencing that a different base offense level should be applied.

        c.     This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. In the event that the offense level is 16 or greater, this Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's acceptance of personal responsibility for the Defendant's conduct. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the base offense level is below 16 or if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

    7.     There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level.

    8.     Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

<u>Obligations of the Parties</u>

    7.     At the time of sentencing, the government shall recommend a reasonable sentence of no more than 4 years, the statutory maximum, taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). The Defendant may seek whatever sentence he believes appropriate. This Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

5

## Waiver of Appeal

9.  In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

   a.  The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

   b.  The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

   c.  The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Defendant's Conduct Prior to Sentencing and Breach

10.  Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

11.  If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement; and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea if the Court finds that the Defendant breached the Agreement.

### Forfeiture

12.     The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

13.     The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

14.     The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

15.     The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Court Not a Party

16.     The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

17.     This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other

agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

By: _____
*LaRai Everett* (Digitally signed by LaRai Everett, Date: 2024.07.25 09:05:38 -04'00')
LaRai Everett
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

X  7/25/24                                    X  _____
Date                                             Deandre Hill

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

7/25/24                                          _____
Date                                             Tony Garcia, Esq.

8

## ATTACHMENT A

The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.

Since April 2021, investigators from Federal Bureau of Investigations ("FBI") and the Maryland State Police along with Carroll County Sherriff's Office ("CCSO"), and Westminster Police Department ("WPD") have been investigating a drug trafficking organization ("DTO") operating in Carroll County, Maryland. Rodney Gaines is believed to be the primary source of supply for cocaine and crack cocaine in the Carroll County area.

Throughout this investigation, law enforcement used various techniques to identify locations and co-conspirators of the DTO. These included, but were not limited to, law enforcement database checks, court-authorized Global Positioning System ("GPS") vehicle trackers, court-authorized cellular phone GPS location data, covert surveillance cameras, physical surveillance, search and seizure warrants, confidential informants, and state and federal wiretap interceptions.

The Defendant Deandre Hill stipulates and agrees that he distributed quantities of controlled substances to Rodney Gaines on various occasions and that Hill and Gaines engaged in phone calls, on their cellular phones, during which the two would discuss plans for doing drug deals. Hill would arrange during cell phone calls to meet with Gaines for the purpose of Hill providing Gaines with a quantity of a controlled substance.

Hill does admit that he communicated with Gaines using a telecommunication device in furtherance of and in connection with drug trafficking. Specifically, Hill used a cellular phone to engage in communications with Gaines and others in connection with drug trafficking activities to include in furtherance of distribution of controlled substances.

Based on an intercepted communication between Gaines and Hill on August 30, 2021, Hill engaged in a cellular phone conversation during which Hill arranged to distribute a quantity of a controlled substance to Gaines.

| | |
|---|---|
| GAINES: | You ain't riding in the city. |
| HILL: | I'll ride out to Westminster City. |
| GAINES: | You ain't ridin in Westminster City. |
| HILL: | Hey yo. |
| GAINES: | Intelligible. |
| HILL: | Yo..Hey yo, you, you done? |
| GAINES: | Uhhh, I don't think so. |
| HILL: | What do you say like Wednesday? |
| GAINES: | I already stop by then. |

1

| | |
|---|---|
| HILL: | Alright, I got a nice new one, you gonna love it. |
| GAINES: | How the fuck do you know? |
| HILL: | Because I know and I and I got a proposition for you trying to come down to South Baltimore with me. |
| GAINES: | What's down there? |
| **HILL:** | **We gonna get a new thing, I just need you where I used to be at. You gonna do a whole…you, I got to talk to him face time face time.** |
| GAINES: | Hold on. |

Based on this call and the overall investigation, investigators believe that Hill was going to provide Gaines with a quantity of a controlled substance. Hill admits that he communicated with Gaines in furtherance of and in connection with drug trafficking and therefore that Hill used his cellular phone in committing and facilitating acts constituting a felony (as that phrase is used in 21 U.S.C. § 843(b)) under subchapter I of Title 21 of the United States Code. Specifically, Hill was engaged in in aiding and abetting another person's distribution of the controlled substances and/or in furtherance of drug trafficking activities. These communications were sent by Hill in the District of Maryland.

The government's evidence of the above includes wire and electronic interceptions; audio and video recordings; physical surveillance; forensic reports and analysis; and witness testimony.

The parties stipulate that the government would present the following testimony during a trial or a contested sentencing in this case: the government would present testimony from witnesses during that Hill would transport cocaine to Carroll County from Baltimore City and would convey that cocaine to Gaines. Witnesses would testify that Hill would store cocaine in a hidden compartment in his tow truck. Combined witness testimony along with intercepted phone communications would establish that Hill transported at least 500 grams but less than 2 kilograms of cocaine during the conspiracy.

SO STIPULATED:

_____  7/25/24
Deandre Hill              Date
Defendant

_____  7/25/24
Tony Garcia, Esq.         Date
Counsel for Defendant

_____
LaRai Everett
Assistant United States Attorney

2