# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | No. 22-CR-125 |
| | : | |
| RODNEY GAINES | : | |
| | : | |

## RENEWED MOTION TO DISMISS FOR DESTRUCTION OF EVIDENCE AND SUPPLEMENT TO PREVIOUSLY FILED MOTIONS

Mr. Gaines has previously moved the court to dismiss the charges against him based on destruction of likely exculpatory cooperator text messages. His motion was based on *Arizona v. Youngblood* and related cases. 488 U.S. 51, 58 (1988); *United States v. Johnson*, 996 F.3d 200 (4th Cir. 2021). Although the Court did not dismiss the charges, it did impose the sanction of a spoliation instruction.

As stated in previous filings, while preparing for trial, Mr. Gaines attempted to locate particular portions of pole camera footage referred to in discovery materials. While Mr. Gaines should not be required to give the government a roadmap to his defense strategy in order to vindicate his due process rights, we state generally that the pole camera footage would prove that drug dealing activity attributed to Mr. Gaines was actually undertaken by others. The pole camera footage in question was not included in the footage produced by the government.

Through standby counsel, Mr. Gaines has engaged with the government to attempt to locate the missing footage. The government has stated that not all pole camera footage was preserved and that decisions about preserving such footage was made by the Maryland State Police. This is very concerning because the record in this case already establishes beyond question that neither the U.S. Attorney's Office or the FBI gave the State police guidance about preserving *Brady* evidence and other discoverable materials. We are attempting to work with the government to clarify the circumstances under which this footage was lost.

Having said that, we struggle to hypothesize any explanation which would justify not preserving highly important exculpatory evidence. For that reason, we are renewing our previously filed motion to dismiss for destruction of evidence. The allegations in the previous motion combined with the new revelations justify dismissal.

We also respectfully request the Court to receive this filing as a supplement to previously filed motions ECF 642, ECF 653, 661. All of those filings, to one degree or another, discuss chronic discovery failures by the government. The subject matter of this filing therefore lends further support to the relief requested in those motions. We also note that the government produced discovery this week in the form of investigation materials that appeared to date to 2021.

Respectfully submitted,

Rodney Gaines, Pro se