

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Michael C. Hanlon*                *Suite 400*                    DIRECT: 410-209-4895
*Assistant United States Attorney*  *36 S. Charles Street*          MAIN: 410-209-4800
                                   *Baltimore, MD 21201-3119*     FAX: 410-962-9293
                                                                  Michael.Hanlon@usdoj.gov

March 16, 2025

The Honorable Adam B. Abelson
United States District Judge
U.S. Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:    United States v. Rodney Gaines
                 Crim. No. SAG-22-0125

Dear Judge Abelson:

      I write per the Court's Order earlier today instructing the parties to address admissibility issues with respect to certain wiretap communications listed in the Order. The Court indicated that the parties should be prepared to discuss admissibility as to each call with reference to legal authority. The government will of course do so but thought it would be useful to send the Court its thoughts in advance as well. In the below sections, the government briefly discusses its theory as to why the words of the conversant other than Mr. Gaines should be admitted in connection with the presentation of each listed communication:

      <u>1.40 (10/18/2021 call with Brad Stoner)</u>

      Stoner's statements during this case are admissible under Fed. R. Evid. 801(d)(2)(E) as co-conspirator statements. Stoner was a drug conspirator of Gaines and purchased from Gaines in order to convey to his (Stoner's) drug customers. The discussion during this call establishes that conspiracy and Stoner's intent to further sell the drugs – Stoner complains about "losing money" and "profit" due to shortages in the drugs conveyed to him by Gaines. The government also notes that Stoner was an indicted co-defendant in the SAG-22-0125 case.

      <u>1.44 (10/25/2021 call with unknown male)</u>

      The other conversant's comments during this call are admissible because they provide necessary, essential context to the Defendant's own statements and agreements. *See United States v. Lamm,* 5 F.4th 942, 950 (8th Cir. 2021) ("Statements providing context for other admissible statements are not hearsay because they are not offered for their truth."); *United States v. Woods*, 301 F.3d 556, 560-61 (7th Cir. 2002) (non-testifying conversant side of recorded conversation was admissible "because they provide context or because they were adopted by [defendant] during the course of the conversation…During the discussion and negotiation of the drug purchase, Woods

either led or responded to each of Roberson's requests and questions about the time, place, and terms of the transaction. At no time did Woods contradict Roberson's comments or questions regarding the purchase of drugs or tell Roberson that he was mistaken or had the wrong number. The context of the conversation between Woods and Roberson manifested Woods' intent to adopt Roberson's statements"); *United States v. Thomas*, 370 Fed. Appx. 8, 14 (11th Cir. Mar. 11, 2010) (unpublished) (no error in admission of conversations including statements by non-defendant conversant where "government offered the conversations to place in context Thomas's responses to Darlene, not to establish the truth of Darlene's statements. In one conversation, Thomas agreed to sell Darlene half of one ounce of cocaine base for $435, but Thomas's portion of the conversation consisted solely of uttering "yeah" to Darlene's questions. Thomas's responses are enigmatic without Darlene's questions to place them in context…Darlene's statements in the remaining tape recordings also provide context for Thomas's cryptic remarks to Darlene about the time and location of the drug transaction. The district court eradicated any potential prejudice by instructing the jury that they could consider Darlene's statements "solely to provide the context of the conversation.""). *See also United States v. Barrazza*, 365 Fed. Appx. 526, 530 (4th Cir. Feb. 19, 2010) (unpublished) (rejecting defense argument that "admission of his recorded conversations with Delagarza on the ground that Delagarza was not present for cross-examination" because the statements were "offered at trial only to provide context for the defendant's statements and not for the truth of the matter asserted"; also rejecting *Crawford v. California* claim).

A similar theory of admissibility for the other conversant's statements during this call (and during other calls) is that Gaines made an "adoptive admission" in his assent to the negotiated drug deal and in his adoption of the statements of the other conversants by Gaines's own answers and agreements. *See United States v. Rollins*, 862 F.2d 1282, 196-97 (7th Cir. 1982) (affirming admission of statements of other conversants in recorded telephone calls; while defendant "never specifically said 'I adopt Wells' statements as my own,' no such specific language of adoption is required by the Federal Rules of Evidence. Rather, a manifestation of a party's intent to adopt another's statements, or evidence of the party's belief in the truth of the statements, is all that is required for a finding of adoptive admission. In the present case, not only did Slaughter frequently agree with Wells and participate in the give and take of the telephone conversation, the evidence also demonstrated that Slaughter completed the drug deal that he and Wells agreed to during those conversations."); *United States v. Kenny*, 645 F.2d 1323, 1341 (9th Cir. 1981) (admitting statements by persons other than defendant from recordings; noting that "If they were offered solely for the truth of their assertions, they would be classed as hearsay. They are, however, an essential part of the conversation used to impeach Kenny-no one could follow the conversation if only Kenny's half were played-and thus integral to the impeachment evidence, admissible subject only to the judge's discretion as expressed in Fed.R.Evid. 403… Furthermore, as other Circuits have observed, Lab's half of the conversation, to the extent 'adopted' by Kenny, can be treated as a group of adoptive admissions by Kenny").

Gaines's statements during this call are responsive to and reflect an engagement with and adopting of the request and comments made by the caller. Gaines's statements about "250" is a price statement directly in response to the caller's request for powder and an 8-ball. Gaines's stated willingness to make a sale for a price – "250" - is therefore clearly a response to a direct request from the caller for those specific items. Gaines is agreeing to and assenting to such a deal, articulating a price in response to such a deal, and is doing to based on the particular requests being made by the callers – for powder and an 8-ball.

The entirety of the conversation is also admissible because of the effect the other conversant's words had on Gaines. *See United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("However, '[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay.' [quoting Fed. R. Evid.] 801(c) advisory committee's note. Thus, a statement offered to show its effect on the listener is not hearsay."). Here, the conversant requested drugs, and Gaines responded by articulating a price, making the deal, and stating a meeting position. Gaines's own words and agreements in response are admissible, and all made in response to the caller's requests.

Finally, the statements are also admissible because they are not being admitted for the truth of the matter asserted. *See* Fed. R. Evid. 801, advisory committee notes ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."). Indeed, in this call the other caller does not actually make any factual assertions. They do not say they have powder or an 8-ball nor do they describe any past event or conduct by Gaines. They are *asking, ordering, requesting* drugs from Gaines. The verbal act of making the request for drugs from Gaines – who responds in the affirmative – make this conversation admissible for a legitimate non-hearsay purpose, not for any "truth" being asserted by the caller.

<u>1.53 (J.B. and unknown female)</u>

Upon review, the government will not play this call. The government reserves the right to seek reconsideration of this issue should the defense open the door in some way to the playing of the call, such as during cross-examination of another government witness.

<u>1.58 (12/17/2021 call with male subject)</u>

This call is admissible for reasons similar to call 1.44 above. There is virtually no "truth" being asserted during this call, except for Gaines's own statement that he is at "Church" (a street reference). The fact that the male is checking in with Gaines in advance of a drug transaction between the two has a non-hearsay purpose: it provides context and meaning to Gaines's own statement that he is at Church waiting for the male's arrival. The male's statement that he will be there in a "minute" arguably contains an assertion, but that is relevant because of the effect it had on Gaines (Gaines is waiting or arranging to have someone wait). Moreover, the fact that the male is telling Gaines that he will arrive in a minute is admissible for a non-hearsay purpose; regardless of whether the male's arrival is actually imminent, the fact that Gaines would be provided such information by a drug customer has a non-hearsay, non-truth-of—the-matter purpose.

To the extent that there is any minimal truth value to the male's comment about being there in a "minute" (apart from its effect on Gaines), that statement would likely also be admissible as a statement of the male's existing state of mind – his intent or plan to meet with Gaines. *See* Fed. R. Evid. 803(3).

### 1.59 (Stoner text message 12/17/2021)

First, as discussed above in 1.40, Stoner is a member of the drug conspiracy and the entirety of the text message (assuming it has truth content) is admissible as a co-conspirator statement. *See* Fed. R. Evid. 801(d)(2)(E).

Second, at least as to the first part of this text message ("Call me as soon as you can") there is no truth being asserted in that portion. It is therefore not hearsay. It is a request by Stoner to see Gaines. The second portion of the message (Stoner's statement that he needs to see Gaines as soon as possible) may have some truth content, but (as discussed already) Stoner was a member of the drug conspiracy.

### 1.63 (Stoner text message 12/25/2021)

This text message from Stoner is admissible for the same reasons as item 1.59 and 1.40: Stoner is a member of the conspiracy and this message (a request from Stoner to see Gaines) contains no truth content and therefore is not hearsay.

### 1.72 (phone call with male 12/30/2021)

This call contains no assertion of fact at all by the caller. The male caller makes a request. The male never asserts any "truth," or fact, or anything that would constitute hearsay. It is a call in which the male requests something from Gaines. There is no hearsay during this conversation. Gaines's statements are party admissions and the caller's statements are not hearsay because no truth is being asserted.

### 1.74 (phone call 12/30/2021)

Similar to call 1.72, this is a call with no (or very limited) "truth of the matter asserted" content. The caller contacts Gaines and stated that they are at home (there is, the government agrees, some truth assertion there about the caller being at home). Gaines acknowledges the caller's location and then states that he (Gaines) is on James's block. Gaines directed the caller to come to James's block. There is no hearsay here. The caller's limited assertion of fact – that they are at home – is necessary to provide the context for Gaines's own statements – that Gaines is on James's block and then Gaines's statement to the caller to come to James's block. The call is a typical example of the arrangements of a deal between a distributor and a customer. Gaines's statements -his specification of his location and his pinpointing of a meeting spot – demonstrate that. The other conversant's limited contributions of the conversation provide context, to which Gaines responds.

### 1.76 (text message 1/2/2022)

Finally, this text message is a straightforward request from a drug customer for drugs (specified by the number 200 representing the price being offered). That Gaines would be receiving requests such as this on his cell phone is typical of and characteristic of a person engaged in drug-trafficking. The text message assertion by the other conversant states no truth value – the person is simply making a request for "200" worth of drugs. Therefore, this communication is asserting no truth and is not hearsay.

The defense might argue that the caller is making an assertion of fact when they state a need – "going to need 200." Even assuming some truth content in those words, they would be admissible as statement of mind assertions by the caller under Fed. E. Evid. 803(3). The caller has a need for drugs, is communicating that need to Gaines (that such a need would be communicated to Gaines is of independent relevance independently of whether the need was true), and the caller is expressing a desire to make a drug deal later, thereby making an expression of intent. *See* Fed. E. Evid. 803(5) (exception to hearsay rule where declarant makes a "statement of the declarant's then-existing state of mind (such as motive, intent, or plan").

Buyer-seller objections in general

On a general level, the defense's buyer-seller theory misses the mark. The fact that buyer-seller relationships may not be sufficient in and of themselves to establish a conspiracy does not mean that buyer-seller conversations and transactions are inadmissible in a drug conspiracy case. To the contrary, the Fourth Circuit has recognized that communications may be admissible under the co-conspirator admission rule even if only one participation in a communication is a conspirator. *See United States v. Smith*, 441 F.3d 254, 262 (4th Cir. 2006) ("statements made by a conspirator to a non-member of the conspiracy are considered to be 'in furtherance' of the conspiracy 'if they are designed to induce that party either to join the conspiracy or to act in a way that will assist it in accomplishing its objectives'") (quoting *United States v. Shores*, 33 F.3d 438, 443 (4th Cir. 1994)); *United States v. Ayala*, 469 F. Supp. 2d 357, 360-64 (W.D. Va. 2007) (holding that co-conspirator's conversation with undercover agent setting up a drug transaction was admissible under 802(d)(2)(E), reasoning that, "[a]lthough the statements were made to a government agent, a non-member of the conspiracy, the statements were designed to induce him to act in a manner that would have assisted in the accomplishment of the conspiracy's objectives," that is, by setting up drug sale, which is "the ultimate purpose of any conspiracy to distribute drugs").

As the government noted during Friday's hearing, Gaines's participation in phone calls with drug customers to sell drugs to those customers certainly evidenced his membership in a conspiracy to distribute drugs. The conversations and any transactions executed based on those conversations also evidenced the conspiracy and were acts in furtherance of Gaines's drug-distribution business.

The government thanks the Court for its consideration of this matter.

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

By:_____/s/_____
LaRai N. Everett
Michael C. Hanlon
Assistant United States Attorney

cc: Counsel via ECF