IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| United States | ) |
| | ) |
| v. | ) No. 1:22-cr-125 |
| | ) |
| Rodney Gaines, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO VACATE

Defendant hereby moves pursuant to Rule 29, Rule 52, the Court's inherent authority, and/or any other applicable provision to vacate his conviction on Count 5. In support of this request Mr. Gaines submits the following.

## BACKGROUND

Rodney Gaines was convicted by a jury on April 3, 2025 for several offenses. The lead charge was Count One which alleged a broad drug conspiracy between Mr. Gaines and others. In addition to alleging the drug conspiracy, Count One also included some allegations about firearms including "members of the conspiracy possessed firearms in furtherance of their drug trafficking activities."

The indictment also charged several substantive offenses including Count 5 which charged conspiracy to possess a firearm in relation to a drug trafficking offense under 18 U.S.C. § 922(o). The indictment language for Count 5 is as follows:

COUNT FIVE
(Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

From in or about April 2021 and until on or about January 31, 2022, in the District of Maryland and elsewhere, the defendants,

**RAEKWON DORSEY,**
**AND**
**RODNEY GAINES,**
**a/k/a "BUTTER," a/k/a "BUTTERS," a/k/a "BUTTA,"**

did conspire to possess firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to possess with the intent to distribute cocaine and cocaine base, as charged in Count One, which is incorporated by reference herein.

18 U.S.C. § 924(o)

As the above quoted language shows, Count 5 specifically charged a conspiracy between Gaines and Dorsey and nobody else. It did not include the "and others known and unknown to the grand jury" that we often see in indictments.

In support of Count 5 the government admitted evidence of an alleged drug transaction between Gaines and Dorsey. Specifically, the government admitted some text messages attributed to the two men discussing sale of some firearms. The government also admitted testimony and photographs about a traffic stop of Dorsey where the police recovered two guns from the back of a truck.

In addition to the evidence of the alleged Gaines/Dorsey drug transaction, the government also offered additional evidence of firearms possessed by other alleged conspirators such as James Samms, Jamal Brownlee and others. This evidence was presumably intended to support the firearm allegations embedded in the overarching

conspiracy charged in Count One. However, during closing argument, the government unexpectedly urged the jury to convict Mr. Gaines of Count 5 based not only on the Gaines/Dorsey alleged drug transaction but also on other evidence of firearms possessed by alleged conspirators not named in Count 5. Mr. Gaines raised an objection at the conclusion of the government's closing argument.

## ARGUMENT

The Fifth Amendment states that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." The Supreme Court interpreted this amendment in *Stirone v. United States* where the appellant claimed he had been convicted of a crime not charged by the grand jury. The Court stated that, "ever since *Ex parte Bain* was decided in 1887, it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." 361 U.S. 212, 216 (1960)(internal citations omitted).

The Fourth Circuit has recognized that the government or the district court can broaden and indictment beyond what the grand jury found by evidence, argument, instructions, or by a combination of any of these. *United States v. Redd*, 161 F.3d 793, 795 (4th Cir. 1998). The courts refer to illegal broadening of the grand jury indictment as either a "fatal variance" or a "constructive amendment." *Id*.

Not every discrepancy between the grand jury's indictment and the proof/instructions/arguments at trial is a constitutional violation. A fatal variance occurs when the trial proceedings "alter the crime charged in the indictment." *United States v. Randall*, 171, F.3d 195, 203 (4th Cir. 1999). The fatal variance can occur by

convicting the defendant of "a different offense altogether" or "a different version of the offense charged." *United States v. Ashley*, 606 F.3d 135, 142 (4th Cir. 2010).

In *Randall*, the appellant had been charged with violation of 18 U.S.C. § 924(c) for use and carry of a firearm in relation to the drug trafficking crime of "distribution" of a controlled substance. 171 F.3d at 203. However, the government's case consisted of evidence of possession with intent to distribute, no actual distribution. *Id*. The court noted that the government did not have an obligation to name a particular § 924(c) predicate offense in the indictment. *Id*. at 205. However, the court observed further that "the government did in fact specify the § 924(c) predicate offense on which it was relying, and this specification of the § 924(c) predicate offense in the indictment is of considerable consequence." *Id*. at 208. Quoting *Stirone*, the court stated that:

> The Supreme Court in *Stirone*, held that even though the government could draw an indictment charging in general terms that the defendant violated the Hobbs Act, without specifying the particular type of commerce that was burdened, if the government specified in the indictment the particular type of commerce burdened, then it was not allowed to rely on proof that another type of commerce was burdened.

*Id*. The Court vacated the defendant's § 924(c) conviction because the proof at trial departed from the grand jury's allegations even though the offense of conviction was the same.

Here, as in *Randall*, the government did not have to limit the conspiracy in Count 5 to Gaines and Dorsey. However, having sought and received an indictment from the grand jury that was limited to Gaines and Dorsey, the government was bound to pursue that theory at trial. By springing a much broader theory during closing argument, the government impermissibly broadened its indictment in violation of Mr. Gaines' Fifth

Amendment Grand jury rights. Mr. Gaines' conviction on Count 5 is therefore legally flawed and the Court should vacate it.

## CONCLUSION

For the foregoing reasons, Mr. Gaines respectfully requests that this Court vacate his conviction on Count 5.

Respectfully Submitted,

By:

/s/ Charles Burnham
Charles Burnham, DC # 1003464
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1634 I St. NW, Suite 575
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com