

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*LaRai Everett*
*Assistant United States Attorney*
*LaRai.Everett@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4869*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

August 13, 2025

The Honorable Stephanie A. Gallagher
United States District Judge
United States District Court for the District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

    Re:    <u>United States v. Andre Wilson</u>
              Criminal No. SAG-22-0125

Dear Judge Gallagher:

      I am writing to state the Government's sentencing recommendation in the above-referenced case. The Government believes that a sentence below the guidelines is appropriate.

**Sentencing Procedure**

      In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court set forth a multi-step process for imposing sentence in a criminal case. *Id*. at 51-52. A sentencing court should begin by correctly calculating the applicable guidelines range. *Id*. at 49. After providing the parties with an opportunity to present argument, the district court should then consider the factors set forth in 18 U.S.C. § 3553(a). *Id*. at 49-50. *See also United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011).

**Sentencing Guidelines Calculation**

      The Government agrees with the findings of the Presentence Report (PSR), which accurately reflects the Defendant's Count One base offense level, 18, with a criminal history category of III. ¶¶ 17- 26, 32. Additionally, the Defendant accepted responsibility for his misconduct and accordingly the Government does not oppose a 2-level reduction in the defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a). The Government also agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the defendant's timely notification of the defendant's intention to enter a plea of guilty. Therefore, the adjusted offense level is 15.

Per the PSR, his guideline calculation would be 24 months to 30 months. Given that the Defendant cooperated in this case, the government moves for an additional five level departure pursuant U.S.S.G. §5K1.1 and § 3553(e). As such his adjusted base offense level would be 10, and his guideline range would be 10 to 16 months. The government recommends a sentence of time served. This recommendation is primarily based on the Defendant's early cooperation, as well as his actions after the crime, which included testifying in the sentencing for Rodney Gaines.

**Factors Set Forth in 18 U.S.C. § 3553(a)**

The Government believes the following 3553(a) factors are most relevant in this case:

I.    <u>Nature and Circumstances of the Offense (3553)(a)(1))</u>

The Defendant Andre Wilson ("Wilson") was one of 13 defendants charged in a wiretap conspiracy case arising out of an investigation into a drug trafficking organization operating in the Westminster area of Maryland. On August 16, 2023, Wilson pleaded guilty to the Second Superseding Indictment pursuant to a written plea and cooperation agreement.

The evidence supports that Wilson knowingly engaged in drug trafficking activities on March 2, 2022. During the investigation, investigators learned that Wilson was present during the homicide of Kevin King, Jr. on January 31, 2022. Rodney Gaines was believed to be the individual behind the murder of Mr. King and Wilson unwittingly witnessed the murder as it unfolded. On July 8, 2025, Wilson testified about his observations and the aftermath of the murder during a sentencing hearing before the Honorable Adam B. Abelson.

In addition to his testimony regarding the murder, Wilson also testified about his involvement in drug trafficking and his relationship with Gaines. Wilson's involvement in drug trafficking is certainly serious. However, given that Wilson testified at Gaines's sentencing and was prepared to testify during Gaines's trial on at least one other, support the time-served recommendation.

II.    <u>History and Characteristics of the Offender (3553(a)(1))</u>

Wilson is 39 years old and graduated from high school. He reported that he worked for 15 years with Baltimore Sedan in Baltimore, Mayland. PSR ¶ 61. Additionally, it is the government's understanding that he recently acquired his Commercial Driver's License and intends to pursue a career as a truck driver.

Turning to his criminal history, as noted in the PSR Wilson has three convictions for misdemeanor drug possession of marijuana and a driving infraction (¶ 29), an armed robbery conspiracy conviction (¶ 30) and second-degree assault (PSR ¶ 31). His prior criminal history is serious and certainly something the Court should take into account.

Ultimately, given his cooperation in this case, the Government recommends a time served sentence, which the Government believes is reasonable and appropriate in this case.

III.    The Kinds of Sentences Available

The "kind of sentences available," 18 U.S.C. § 3553(a)(3), includes imprisonment. At this point, only two co-conspirators have been sentenced. To avoid unwarranted sentence disparities among the co-defendants, below is a chart detailing the roles of each of the currently sentenced defendants. There are several co-conspirators who have plead guilty and some still pending sentencing.

| Defendant | Charges | Role | Criminal History/Score | Sentence |
|---|---|---|---|---|
| Dorsey | Ct 5 gun | Gun distributor | VI (5 convictions – armed robbery, fraud and theft, misdemeanor drug)) | 58 mos. concurrent., 3 S.R. |
| Stoner | Cts 1 and 12 | Drug distributor | I (traffic infractions) | Time Served (Government recommended 24 months) |
| Graves | Ct 1 | Drug distributor | III (4 convictions – two felony drug convictions (with one PBJ), auto theft and misdemeanor drug conviction) | 24 months (Government recommended 33 months) |
| Hatchett | Ct 1 | Associate | I (no criminal history) | 12 months' probation |
| Mills | Ct 1 | Drug distributor | IV (vehicle infractions, robbery) | 60 months imprisonment |
| Gaines | Cts 1, 5, 8, 12 (after Trial) | Leader of the DTO | VI (felony drug convictions, vehicle infractions, resisting arrest, discharge) | 276 months – Ct 1, 240 Ct 5, 8 and 12 to concurrent |
| Brownlee | Cts 1 and 2 | Drug Distributor | IV (gun and drugs, DWI) | 58 months imprisonment |

Wilson's criminal history category is most similar to Graves who both have III as their criminal history category.  Like Wilson, Graves was involved in drug trafficking related to the Gaines DTO and he received a 24-month sentence.  But for Wilson's cooperation in this case, Graves guidelines fell within similar guidelines as Wilson. Therefore, a time served sentence is fair and reasonable considering the already imposed sentences in this case, especially compared to the sentence that the Court imposed for Graves.

IV. <u>The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant (3553(a)(2))</u>

Wilson seems motivated not only by his new career path but also is motivated to do better for his children. This will be Wilson's first federal offense, and while no one has a crystal ball as to how Wilson will do after this case is completed, he has set attainable goals. Those goals are reflective of someone who can maintain a law-abiding lifestyle.

The Government believes that Wilson's conduct, in combination with his character and history, is adequately reflected by the recommended sentence and further believes such a sentence is sufficient to provide both a general deterrent and specific deterrent effect. Therefore, a sentence of time served is lengthy and reasonable, and balanced considering the above factors. The Government believes that in this particular case, it is sufficient but no greater than necessary to achieve the required purposes of sentencing.

The Government thanks the Court for its consideration of this matter.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:   LaRai Everett
      Assistant United States Attorney

cc:   Brandon Patterson, Esq.
      Adam Smith, U.S. Probation Officer